# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:15-cr-168
                                                   Related Case No. 3:17-cv-262

                                                   District Judge Thomas M. Rose
                                                   Magistrate Judge Michael R. Merz

ERIK GRANADOS,

        Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Erik Granados (ECF No. 57).

Mr. Granados was convicted in this Court on his plea of guilty to one count of aiding and abetting possession of heroin. Conviction was pursuant to a Plea Agreement under which he was to receive a sentence of between sixty and eight-four months (ECF No. 37). A sentence of seventy-eight months was imposed September 2, 2016 (Motion, ECF No. 57, ¶¶ 2 & 3). Granados took no appeal to the Sixth Circuit. *Id.* at ¶8.

Granados pleads two Grounds for Relief

        **Ground One:** Defense counsel failed to properly represent me pursuant to the Sixth Amendment of the Constitution's right to effective assistance of counsel.

> **Ground Two:** The Court failed to properly conduct a Rule 32 hearing regarding objections to the Presentence Report and mitigating circumstances.

(Motion, ECF No. 57, PageID 190-91.)

As part of the Plea Agreement, Granados waived his right to appeal or launch a collateral attack on the conviction, except for claims of ineffective assistance of trial counsel or prosecutorial misconduct. Therefore he has waived any right to have his Second Ground for Relief considered on a § 2255 motion and it should be dismissed with prejudice.

Granados complains in Ground One that his trial attorney did not properly represent him in the sentencing phase of the case. *Id*. at PageID 202. However, in the body of his Motion he recites a litany of complaints related to the pretrial stages of the case, i.e., that counsel Anthony Van Noy agreed to a continuance when Granados wanted to insist on his speedy trial rights, that Van Noy did not provide him with copies of discovery, and that Van Noy pressured him to agree to the plea. *Id*. at PageID 206-08. He sent objections to the PSR to Van Noy and an argument about sentence reduction, but Van Noy did not respond.

At the commencement of the sentencing hearing, Granados asked for replacement counsel, but was persuaded not to change because Judge Rose told him the process would start all over. *Id*. at PageID 209. He says he then raised the objections to the PSR and the reduction issues during the sentencing hearing, "but the Court failed to address them [and] [c]ounsel remained silent during most of the hearing." *Id*. Granados concludes his argument on Ground One by claiming that "[h]ad counsel properly represented Petitioner there is a reasonable probability that Petitioner would have received a lesser sentence based upon the objections he had to the PSR and his request for reductions due to the non-violent and minor role elements of the offense." *Id*. at PageID 210-11.

In the body of his Motion, Granados does not say what his objections were to the PSR. The PSR itself indicates that comments received from Mr. Van Noy were incorporated into the PSR itself, but there were no objections.

Granados believes with different representation he would have received a reduction because the offense was non-violent. However, the Sentencing Guidelines do not provide for reductions on that basis. Rather, use of violence during the commission of the offense would call for an enhancement.

Finally, Granados believes he was entitled to an adjustment because he played a minor role in the offense. The PSR considered this possibility but concluded Granados was "not substantially less culpable than the average participant in the criminal activity." (PSR ¶ 32.) Granados has provided no argument as to why a minor role argument would have been accepted, since the Probation Officer accurately recounted the facts of the offense as Granados recites them in the Motion. The co-Defendants transported the heroin to Dayton from California, then expelled it and were in the process of preparing it for distribution when they were arrested. Granados accompanied Barrios as he purchased items used by "internal couriers" for processing transported heroin (PSR ¶ 16). Granados had moved to Ohio in 2013 and had no verifiable employment history after coming to the area (PSR ¶ 71). Executing a search warrant on Granados' residence, agents found a 9 mm firearm and $4,000 in cash in a safe (PSR ¶ 19). Given these facts in the PSR, it seems very unlikely that anyone could have persuaded Judge Rose that Granados played only a minor role in the offense.

Balanced against any possible reduction in sentence for a minor role is the substantial reduction already received in the Plea Agreement. Given the amount of heroin involved, the statutory range for the sentence was five to forty years. Given the particular circumstances of the

offense and offender characteristics, the Guideline range for sentencing was 100 to 125 months. The Plea Agreement, however, limited Granados' exposure to sixty to eighty-four months. The Probation Officer recommended a sentence at the top of that range, but Judge Rose actually imposed a sentence six months below the agreed maximum.

Granados does not claim that his guilty plea was not knowing, intelligent, and voluntary and he does not seek to vacate the plea (Motion, ECF No. 57, PageID 214). He only seeks to reduce his sentence from seventy-eight months to something less but not under the statutory minimum of sixty months. He has presented no information in his Motion which, if it had been presented at sentencing, was likely to persuade Judge Rose to depart any further downward from the bottom of the Sentencing Guideline range.

At ¶ 21, the PSR concludes blandly "There are no identifiable victims associated with this case. General societal interests are considered to be victimized." However, a judge imposing a sentence for the importation of over a kilogram of heroin into Dayton, Ohio, would not be oblivious to the particular societal interests at stake. Dayton's heroin overdose rate and rate of deaths from those overdoses is among the highest in the country. Here agents stopped the heroin before it reached the street and killed anyone. But a sentencing judge would have been well aware of the risk of death in this community that Granados helped create and would have been unlikely to take that risk less seriously than Judge Rose did in imposing sentence.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this

conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 7, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).